LANDRY, Judge.
This is a suit by a floor finisher, U. IT.. Rushing, d/b/a U. U. Rushing and Son, for judgment upon a material and labor lien in-the sum of $267.80 representing services-rendered pursuant to an oral contract to; repair certain water damage to the floor of the home of defendant, Joseph E. Berthelot,. which damage occurred when a commode tank broke during a freeze. Defendant answered conceding the contract price to be-the amount sued for but denied the work was performed in a workmanlike manner. In addition, defendant reconvened praying for damages: (1) in the amount allegedly required to correct the reputed defects; (2)' the expense incurred in cleaning certain' clothing allegedly soiled by plaintiff’s employees; and, (3) for an assault allegedly committed by plaintiff U. U. Rushing upon defendant in defendant’s home during a discussion of the differences between the parties. After trial on the merits, the court below awarded judgment in favor of plaintiff in the sum of $267.80 plus an additional $2.00 representing the cost of filing plaintiff’s lien and rejected defendant’s recon-ventional demand. Defendant has appealed.
In his brief before this court esteemed counsel for appellant contends our learned brother below erred in failing to find the walls and baseboards of defendant’s home were damaged as a result of the work performed by plaintiff and also erred in failure to find that dust from plaintiff’s sanding machines necessitated the cleaning of certain clothing hanging in a closet, the floor of which closet was sanded and revarnished by defendant pursuant to the contract. Although no mention of defendant’s recon-ventional demand for alleged assault was made in appellant’s brief, the rejection of said claim by the trial court was touched upon in oral argument before this court. It *402 is readily apparent the instant case is concerned solely with questions of fact all of which have been resolved adversely to defendant by the trial court.
It is conceded the portions of defendant’s home which plaintiff was engaged to repair consisted of oak flooring laid in 9 inch squares which were secured to the sub-floor by means of a commercial “glue”. As a result of the water damage numerous squares were loosened or warped and had to be replaced. Plaintiff undertook to replace all such loosened or warped squares, resand the entire floor and finish the flooring with one coat of sealer, one coat of filler and two coats of varnish. In addition plaintiff was required to replace and refinish any split or cracked quarter round or shoe molding.
Appellant’s chief complaint is that the trial court failed to find that plaintiff’s employees negligently spattered the baseboards in appellant’s home with varnish thus necessitating removing the varnish from and repainting the baseboards in all of the rooms excepting defendant’s kitchen.
The record reveals that while the work was in progress relations between plaintiff and defendant were relatively harmonious. Upon final inspection of the work by plaintiff, prior to its acceptance by defendant, some complaint was made and, in an effort to appease defendant, plaintiff dispatched an employee to correct the imperfections noted. Thereafter appellee billed appellant for the agreed price and appellant declined to pay contending the work was still unsatisfactory. Following defendant’s refusal to pay the contract price, appellee made further attempts to rectify the defects complained of but could not do so to appellant’s satisfaction. Finally, appellee considered the work fully performed according to the contract and instituted suit.
It is conceded by appellee that some defects, such as loosened squares, were noted upon completion of the work but all such imperfections were duly corrected. Rushing, a floor finisher with 28 years experience in the trade as well as his employees, Caston and Cockerham, who had been in plaintiff’s employ for periods of thirteen and eight years, respectively, in essence testified that all defects for which plaintiff was responsible and about which appellant complained, were remedied in an attempt to please and satisfy appellant. In substance they denied the baseboards were marred as contended by defendant. Rushing and Caston acknowledged that in isolated instances some varnish did in fact get on the baseboard but in each instance the resulting spot was properly removed and the affected area retouched in an acceptable workmanlike manner.
Appellant and his wife, however, testified the baseboards were so spattered with ghte as to require sanding and revarnishing or repainting in order to present a satisfactory appearance. In this regard they are corroborated by the testimony of one Lemoine, a painter of fifteen years experience. Lemoine testified his examination revealed “all the baseboard is full of varnish” which must be sanded off and the baseboard repainted with two coats of paint to do a satisfactory job. He estimated the cost of such repairs to be approximately $160.00. Plaintiff and his aforesaid employee, Caston, testified their examination of the premises did not reveal the baseboards to be soiled by varnish as contended by appellant.
In disposing of the issue of appellee’s alleged assault upon appellant in appellant’s home, our learned brother below found, according to his oral reasons for judgment dictated into the record, that the testimony adduced by appellant failed to substantiate appellant’s contention. Our own independent consideration of the evidence of record confirms the correctness of the trial court’s conclusion in this regard. In substance the evidence shows, that on one occasion while examining the floors, plaintiff did in fact take his knife out of his pocket for the purpose of removing some excess glue between squares of flooring. While the record reveals some rather heated conversation between plaintiff and defendant on this *403 occasion, there is not one shred of evidence to the effect that plaintiff menaced or threatened defendant in any way with the knife or that plaintiff used the instrument for any purpose other than to scrape off excess gltte from the floor.
Our own independent consideration of the record in the case at bar discloses the conclusions reached by our learned brother below are amply supported by the evidence adduced on the trial of this matter. We therefore believe the present case to be the classic example of an instance wherein the decision of the trier of fact should not be disturbed in accordance with the well established rule of law to the effect that findings of fact reached by a trial court will not be set aside on appeal unless they are found to be clearly erroneous. Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Bohlender v. Bayou Tours, Inc., La.App., 156 So.2d 255.
Affirmed.